**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**COLE'S TOOL WORKS**                                                **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 2:06CV169-P-A**

**AMERICAN POWER CONVERSION**
**CORPORATION**                                               **DEFENDANT**

**ORDER**

This cause is before the Court on the defendant's Motion for Sanctions for Spoliation of Evidence [115]. The Court, having reviewed the motion, the responses, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Review of the record and controlling precedent requires that this Court conclude that defendant is not entitled to the relief requested at this juncture. White v. Wal-Mart Stores East, L.P., 169 Fed. Appx. 850 (5th Cir. 2006). There is a question of fact regarding whether Cole's Tool Works or its representatives lost or destroyed evidence between the time of the December 18, 2005 fire and the parties' joint inspection of the fire scene on January 20, 2006. It follows, therefore, that the Court is in no position at this time to judge whether Cole's Tool Works or its representatives acted with the bad faith necessary to support spoliation sanctions. The same is true with regard to any prejudice APC may have suffered due to the allegedly missing evidence. Condrey v. Suntrust Bank of Georgia, 431 F.3d 191 (5th Cir. 2005).

Given the foregoing, the Court concludes that neither remedy requested by APC is appropriate. Instead, APC will be permitted to offer evidence regarding the spoliation issue at trial. If, at the close of proof, the evidence is sufficient to warrant an instruction, the Court will allow the

jury to determine whether Cole's Tool Works or its representatives lost or destroyed evidence relevant to the instant case; and if so, whether the plaintiff acted in bad faith and to the prejudice of APC. If the jury determines each of those three (3) issues in the affirmative, then and only then would a <u>permissible</u> adverse inference arise.[1]

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Sanctions for Spoliation of Evidence [115] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 31st day of March, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The jury would not, under any circumstances, be <u>required</u> to draw an adverse inference regarding what the missing evidence would have demonstrated.