IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**COLE'S TOOL WORKS**   **PLAINTIFF**

**VERSUS**   **CIVIL ACTION NO. 2:06CV169-P-A**

**AMERICAN POWER CONVERSION
CORPORATION**   **DEFENDANT**

## ORDER

This cause is before the Court on the defendant's Motion to Strike Plaintiff's Expert Designation [117]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant challenges the admissibility of the testimony of two of plaintiff's experts, Gerald Alsup and Helmut Brosz, pursuant to Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Phamaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786 (1993).

I.   Expert Testimony

Rule 702 controls the admission of expert testimony in any given case. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F.R.E. 702.

Simply put, FRE 702 is the vehicle by which a party offers evidence based on scientific, technical or other specialized knowledge through the testimony of a qualified expert. The party

advancing the witness' testimony bears the burden of establishing both the expert's qualifications and the admissibility of the subject testimony. Mathis v. Exxon Corp., 302 F.3d 445, 460 (5th Cir. 2002) ("The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test.").

In Daubert v. Merrill Dow Pharmaceuticals, the Supreme Court clarified the trial judge's function in determining the admissibility of expert testimony. 509 U.S. 579, 589 (1993). The judge's role is that of a gatekeeper; he is to make a preliminary determination concerning the relevance and reliability of the proposed testimony pursuant to FRE 104(a).

The requirement that expert testimony "assist the trier of fact to understand the evidence or determine a fact in issue" captures the relevancy inquiry." "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, nonhelpful." Id. at 591. An expert's testimony is relevant where there is a sufficient relationship between the subject of the proffered testimony and the facts of the case, so that the testimony aids the factfinder in resolving a disputed issue. See Ruff v. Ensign-Bickford Indus., 171 F. Supp. 2d 1226, 1236 (D. Utah 2001); Employers Reinsurance Corp. V. Mid-Continent Casualty Co., 202 F. Supp.2d 1212, 1215 (D. Kan. 2002). Furthermore, expert testimony on matters within the common knowledge of the jury does not assist the trier of fact and is thus inadmissible. See Peters v. Fire Star Marine Serv., 898 F.2d 448 (5th Cir. 1990).

Rule 702's reliability component requires consideration of whether the proposed testimony is "supported by appropriate validation–i.e., 'good grounds' based on what is known." Daubert, 509 U.S. at 590. The controlling objective is to ensure that "an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Seatrax, Inc. v. Sonbeck Int'l, Inc., 200 F.3d 358, 371 (5th Cir. 2000) The Supreme Court endorsed the following non-exclusive test

as an aid in assessing the reliability of an expert's proffered testimony: 1) whether the expert's theory can or has been tested; 2) whether the theory has been subject to peer review and publication; 3) the known or potential rate of error of a technique or theory when applied; 4) the existence and maintenance of standards and controls; and 5) the degree to which the technique or theory has been generally accepted in the scientific community. See Moore v. Ashland Chemical Inc., 151 F.3d 269, 275 (5th Cir. 1998)(en banc). Lastly, the Supreme Court admonished trial courts to wield discretion with an element of caution: "Vigorous cross-examination, presentation of contrary evidence and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 595.

    A.    Gerald Alsup

With the foregoing in mind, the Court turns to the arguments advanced by the defendant in opposition to the testimony of plaintiff's expert, Gerald Alsup. Alsup is plaintiff's designated expert in the field of fire investigation. He has some forty (40) years of investigative experience and has conducted more than 5,000 fire investigations. Alsup inspected the fire scene using generally-accepted methods and techniques to identify the origin and potential causes of the fire. Alsup's investigative methods are widely utilized by other fire investigators and his method and approach have been the subject of various publications, including NFPA 921, Guide for Fire and Explosion Investigations, a guide often cited by those in Alsup's field. He intends to testify that the fire started in the northwest corner of an office cubicle within plaintiff's facility, at or near floor level, in the vicinity of the APC-UPC device.

Defendant's motion urges that Alsup's opinion relies on "demonstrably inaccurate and insufficient facts and data" in arriving at his conclusions regarding the origin of the December 18, 2005 fire. Its brief points out numerous alleged inaccuracies; however, the Court has examined

Alsup's proposed testimony and concludes that his opinion regarding the origin of the fire is sufficiently grounded in the evidence of record so as to render it both relevant and reliable. Defendant's concerns about the substance of Alsup's testimony and the conclusions he draws are more properly addressed by means of "[v]igorous cross-examination, presentation of contrary evidence and careful instruction on the burden of proof." Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579, 595 (1993).

B. Helmut Brosz

Defendant also seeks to exclude the testimony of Helmut Brosz, a forensic electrical engineer with decades of experience in investigating electrical aspects/causes of fire and other events. In addition to his retention by many companies and individuals, he has also served as an expert for the Department of Labor, Bureau of Tobacco and Firearms and the Department of Justice. Brosz is expected to provide expert testimony regarding whether a backup uninterruptible power supply device designed and manufactured by defendant was defective and suffered a catastrophic failure which caused the fire.

Review of Brosz's proposed testimony reveals that Brosz canvassed all the artifacts from the fire. In doing so, he ruled out all other potential causes–to the extent possible based on available evidence, identified evidence of failure within the APC device, developed opinions explaining how the failure occurred and confirmed the reliability of his opinions through published, peer- reviewed literature, testing and independent metallurgical analysis. Notwithstanding Brosz's efforts, the defendant urges the Court to find the opinions proffered by Brosz both unreliable and irrelevant based on his purported reliance on the same "demonstrably inaccurate facts and assumptions" identified with regard to Gerald Alsup's testimony and Brosz's alleged failure to adhere to reliable principles and methodology in forming his opinions. With due respect, the "inaccurate facts and

assumptions" related by defendant demonstrate a classic conflict in the evidence suitable for resolution by a jury. Furthermore, the principles and methodology utilized by Brosz are identical to the principles and methodology of defendant's expert, Michael Germuska. Any deficiencies in Brosz's methodology regarding the exclusion of other possible causes of the fire may be adequately addressed by means of cross-examination and impeachment. They are insufficient grounds for exclusion of Brosz's testimony in toto.[1] Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Strike Plaintiff's Expert Designation [117] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 7th day of May, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's motion included an alternative request for relief pertaining to Brosz's testimony in support of plaintiff's design defect claim. That aspect of plaintiff's motion is likewise denied for the reasons cited in the plaintiff's brief in opposition to the instant motion.