**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**COLE'S TOOL WORKS**                                        **PLAINTIFF**


**VERSUS**                                **CIVIL ACTION NO. 2:06CV169-P-A**


**AMERICAN POWER CONVERSION
CORPORATION**                                               **DEFENDANT**

## ORDER

This cause is before the Court on Cole's Tools Works' Motion in Limine [165]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff seeks the entry of an order which prohibits the defendant from mentioning, directly or indirectly, certain matters before the jury panel and/or jury during the trial of this cause. Those matters and the Court's rulings are set forth below as follows:

1.     Any mention or reference, made in any manner, as to the matter of insurance and/or any question to a prospective juror regarding matters of insurance, including questions such as whether a juror has adjusted insurance claims, worked for an insurer or has any relatives or family members who have adjusted claims or worked for an insurance company: Granted.

2.     Any mention or reference, either directly or indirectly, that plaintiff may be or was covered by some form of insurance, including the redaction of documents that make any mention of insurance coverage:  Granted.

3.      Any other reference to collateral sources, including insurance benefits: Granted.

4.      Any mention an insurance company owns a portion of plaintiff's claim: Granted.

5.      Any evidence that plaintiff had any discussions, disputes or disagreements regarding any matters relating to the adjustment of its insurance claim, including coverage issues, the extent or amount of any loss or other similar matters: Granted.

6.      Any evidence or witness defendant did not produce or disclose in response to discovery requests: Granted, except as to any evidence or witness testimony that will be used for impeachment purposes and/or any evidence and/or any witness which plaintiff produced or identified through discovery.

7.      Any reference to or suggestion that plaintiff allegedly falsified, destroyed, altered or spoliated any evidence: Denied.

8.      Any reference, question or suggestion that plaintiff or its experts destroyed or discarded a "power strip" or associated power cords: Denied.

9.      Any mention or reference, in any manner, as to the matter of "tort reform" or the existence of an excess number of lawsuits brought by persons claiming damages: Granted; however, plaintiff is likewise precluded from same.

10.      Any mention or reference, in any manner, to documents created or recorded by third-parties, until such time as defendant has properly authenticated such documents and established admissibility, including any applicable exception to Fed.R.Civ.P. 802: Granted.

11.      Any mention or reference, in any manner, to Bates labeled documents PL002536, PL002554-PL002556, PL002560 and PL002562-PL002564, or similar documents: Denied.

12.      Any evidence or any reference to the decision of the District Court for the Middle

District of Florida concerning the opinions of plaintiff's expert, Helmut Brosz, in <u>Lord v. Fairway Elec. Corp.</u>, 223 F. Supp.2d 1270 (M.D. Fla. 2002).: Denied. The scope of questioning will be determined at trial, subject to the provisions of FRE 401 and 403.

13. Any evidence or any reference to any disciplinary proceedings or hearing involving plaintiff's expert, Helmut Brosz, before the Professional Engineers of Ontario, Canada: Denied. The scope of questioning will be determined at trial, subject to the provisions of FRE 401 and 403.

14. Any reference to or evidence of disputes relating to discovery in this lawsuit: Granted; however, plaintiff is likewise precluded from same.

15. Any reference to or evidence of the level of difficulty in conducting discovery in this matter, the amount of discovery, or reference to which party produced certain items during discovery: Granted; however, plaintiff is likewise precluded from same.

16. Any testimony or argument suggesting plaintiff, through its attorney, asserted claims of privilege during discovery: Granted; however, plaintiff is likewise precluded from suggesting defendant asserted claims of privilege during discovery.

17. Any reference to or evidence of any communications between plaintiff and its insurer, agents, servants, or employees regarding this lawsuit or the allegations in the lawsuit from the date plaintiff put defendant on notice of its lawsuit to the present: Granted.

18. Any use of documents, photographs, motion pictures, diagrams, illustrations or other evidence that defendant or defendant's counsel might attempt to introduce that were not produced or identified prior to trial: Granted, excepting evidence that will be used for impeachment purposes.

19. Any mention of defendant's alleged or actual financial adversity or inability to pay a judgment (including filing for bankruptcy) or plaintiff's financial prosperity: Granted; however,

plaintiff is likewise precluded from same.

20.     Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify, in any manner, in this case: Granted; however, plaintiff is likewise precluded from same.

21.     Any mention or reference of the failure of either party to call a witness equally available to all parties or present testimony from any person or witness not called to testify in this action: Granted; however, plaintiff is likewise precluded from same.

22.     Any attempt in the presence of the jury to seek or request plaintiff's attorneys to produce documents, to stipulate to any fact, or to make any agreement: Granted; however, plaintiff is likewise precluded from same.

23.     Any statement of the law other than regarding the burden of proof and the basic legal definitions counsel believe to be applicable prior to the Court's ruling on the law applicable to this case: Granted; however, plaintiff is likewise precluded from same.

24.     Any testimony or argument suggesting plaintiff's attorney has a contingency fee in the suit: Granted; however, plaintiff is likewise precluded from same.

25.     Any mention of any statements by plaintiff or his representatives during any settlement negotiations: Granted; however, plaintiff is likewise precluded from same.

26.     Any mention that plaintiff's experts solicited or contacted plaintiff and/or its counsel in connection with their testimony in this case: Denied.

27.     Any inference or suggestions, directly or indirectly, that plaintiff has not complied with any discovery request or Order of the Court, or has wrongfully withheld evidence: Granted; however, plaintiff is likewise precluded from same.

28.     Any evidence, statements and/or reference to the fact that plaintiff's counsel has filed any motion in limine, or any of the Court's rulings thereon: Granted; however, plaintiff is likewise precluded from same.

29.     Any evidence, statement, or argument of other crimes, wrongs or acts to prove the character of a witness to show that the witness acted in conformity with such wrongs or acts: Granted; however, plaintiff is likewise precluded from same.

30.     Any evidence by an expert witness that is outside the scope of the expert's written opinion(s), as contained in his report, designation, file materials or prior testimony through affidavit or deposition, or that is outside the scope of the expert's expertise:  Granted; however, plaintiff is likewise precluded from same.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Cole's Tools Works' Motion in Limine [165] should be, and hereby is, GRANTED IN PART and DENIED IN PART.

SO ORDERED, this the 10th day of March, 2010.


/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE